UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHANG CHOI, *et al.*,

    PLAINTIFFS,

vs.    Civil Action No. 17-00003 (JEB/RMM)

DISTRICT OF COLUMBIA,

    DEFENDANT.

## VERIFIED STATEMENT OF NICHOLAS OSTREM

1. I am over 18 years of age and competent to testify regarding the matters described herein.

2. I am the sole owner of The Ostrem Firm, LLC ("The Ostrem Firm"), a law firm specializing in litigation under the IDEA in the District of Columbia.

3. The Ostrem Firm has always matched its hourly rates to those in what is commonly known as the "*Laffey* matrix," updated for changes in the legal services component of the Consumer Price Index, as described in *Salazar ex rel. Salazar v. D.C.*, 809 F.3d 58, 61 (D.C. Cir. 2015) and other cases.

4. I received my juris doctorate from Barry University School of Law in Orlando, Florida, on or about May 2008. I have worked solely in the field of special education litigation in the District of Columbia for more than nine years. I have litigated or assisted in litigating over 100 special education cases in the District of Columbia, including administrative cases, and federal cases in the United States District Court for the District of Columbia, and the United States Court of Appeals for the District of Columbia Circuit. I have also represented more than 200 clients during this time, regarding more than 300 students.

1



PLAINTIFF'S EXHIBIT 10

More than 90% of these clients and students were represented while I was employed at firms with multiple attorneys and staff, as well as established practices and financial resources to sustain lengthy fee litigation.

5. The Ostrem Firm is respected as specialists in special education law in the District of Columbia. Personally, I am a former Co-Chair of the District of Columbia Special Education Attorney Roundtable, and I am otherwise active in the community of "parent attorneys" in the District of Columbia. I have served as a hearing officer in mock proceedings for the Special Education Law Clinic at the University of the District of Columbia School of Law. I have also served as a panel member/presenter at community-wide forums at the Children's Law Center on certain special education issues in the District of Columbia, as well as a panel member/presenter at the mandatory training for new members of the D.C. Superior Court's Special Education Panel.

6. I formed The Ostrem Firm in January 2013, with the expectation of working almost exclusively for indigent parents and students, and with the intent to rely on "fee-shifting" to fund the firm. I found it impossible to sustain such a practice, however, due to the factors listed in paragraph nine.

7. From January 2013 to August 2015, I spent almost 100% of my time working on IDEA cases for indigent parents and students. Since August 2015 I have spent approximately 20% of my time on such work.

8. Since August 2015, I have turned away countless parents with viable IDEA cases because I could not afford to represent them only upon the hope of a fee award sometime in the distant future.

2

9. The reasons I have found it impossible to sustain a practice for indigent parents and students by relying on the "fee-shifting" provision of the IDEA include, but are not limited to: the District's refusal to negotiate fees in good faith and at a reasonable rate; the necessity of litigation for fees (as opposed to reasonable offers of settlement for fees); the very long wait for fees through litigation (despite opening in January 2013, The Ostrem Firm did not receive its first fee award through litigation until December 2016—almost four years later); the inability to recover fees for unsuccessful claims and theories, despite substantially prevailing in the case; the inability to recover fees for many hours of necessary work as a solo practitioner, including work in attending necessary meetings in an attempt to avoid litigation; some judges regularly awarding hourly rates at 75% of the rates in the USAO fees matrix; some judges *sua sponte* cutting time entries, even when such time was not challenged by the District; the inability to recover expert witness costs; the unpleasant nature of fee litigation work; and the general inconsistency and insecurity of income earned through fee litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: January 8, 2018

Nicholas Ostrem, Esq.