**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THOMAS COX, *et al.*, : | |
| : | |
| PLAINTIFFS, : | |
| : | |
| v. : | **Civil Action No. 16-01788 (RC)** |
| : | |
| DISTRICT OF COLUMBIA, : | |
| : | |
| DEFENDANT. : | |

<u>**DECLARATION OF STEVIE NABORS, ESQ.**</u>

I, Stevie Leonard Nabors, being of legal age, hereby declare and state:

1. I am an attorney duly admitted to practice law in the District of Columbia and I submit this Declaration to assist the Court in determining the prevailing market rates for IDEA practitioners.

2. I earned a Juris Doctor degree from American University's Washington College of Law in 2011 and was admitted to practice law in the District of Columbia in 2013. Since admission, my practice has primarily focused on special education law pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §1400 et seq. ("IDEA"). In this practice area I have won over 20 federal cases, received numerous "stay-put" injunctions for my clients, and successfully appealed an IDEA action, *K.P. v. District of Columbia* in the D.C. Circuit Court of Appeals.

3. Prior to January 1, 2014 our firm set its rates according to the *Laffey* matrix maintained by the United States Attorney's Office for the District of Columbia. On January 1, 2014, our firm adjusted its rates to align with the so-called LSI-based *Laffey* matrix. This decision was driven by the District's practices aimed at discouraging attorneys from litigating cases under the IDEA.

   a. First, the District began conditioning all settlement offers at the administrative level on the waiver of all attorneys' fees or, in the alternative, the acceptance of a nominal sum such as $300-$400 for all work performed in the case. As a result, our clients would refuse to accept offers and chose instead to proceed to litigation.

   b. Second, the District terminated its administrative resolution process for obtaining attorneys' fees for successful outcomes at the administrative level and instead began making "take it or leave it offers" at a maximum of 30% of the value of attorneys' fees. As a result, our firm was forced to litigate to recover fees.

1

PLAINTIFF'S
EXHIBIT
ALL-STATE LEGAL®
11

    c.   Third, DCPS began arguing that all attorneys who serve on the D.C. Superior Court Special Education panel are only entitled to a rate of $90 an hour, regardless of whether the attorney was appointed on that case or not. These tactics increased the costs of litigation and heightened the risk involved in litigating cases under the IDEA and, accordingly, our firm was forced to adjust its rates in response.

4. Following the D.C. Circuit's decisions in *Price v. District of Columbia*, 792 F.3d 112 (D.C. Cir. 2015), and *Eley v. District of Columbia*, 793 F.3d 97 (D.C. Cir. 2015), the firm surveyed our peers and colleagues whose practice includes IDEA litigation and determined that the vast majority charged at rates in line with the USAO *Laffey* Matrix. Based on this information, we adjusted our fees to align with the USAO *Laffey* Matrix to ensure that our fees were based on "rates prevailing in the community" in accordance with 20 U.S.C. §1415(i)(3)(C).

5. After the United States Attorney's Office issued its "USAO Attorneys' Fees Matrix" in late 2015, we orally surveyed our colleagues and peers who practice IDEA litigation and determined that the USAO Attorneys' Fees Matrix represented the prevailing rate in the community.

6. I have reviewed Dr. Malowane's market survey, originally submitted in *CREW v. Department of Justice*, 142 F.Supp.3d 1 (D.D.C. 2015), and agree with the conclusion that the USAO-created attorney's fees matrix is representative of Washington D.C. market rates for federal civil rights litigation. Notably, Dr. Malowane considered over 70 IDEA cases before concluding that the USAO's matrix was representative of prevailing market rates in the District of Columbia.

7. Accordingly, the firm currently aligns its rates to the current USAO Attorneys' Fees Matrix to ensure continued compliance with 20 U.S.C. §1415(i)(3)(C).

8. Following the shift in rates, the firm has been paid at the USAO Attorney's Fees Matrix rates. In 2017, the firm has been paid these rates by clients on matters concerning education law, employment law, and labor rights.

9. The firm does not charge all our clients and will accept meritorious cases on a contingency basis in the interest of promoting social justice. Our commitment to upholding the IDEA even against the firm's economic interests was recently noted by Senior Judge Paul Friedman, "Mr. Nabors has spent a substantial part of his career doing this kind of work and it isn't the most remunerative work and its sometimes very frustrating[,]" (*Jayshawn Douglas v. District of Columbia*, Civ No. 97-1629 (PLF), Show Cause Hrg. (D.D.C. May 31, 2016)), and Judge Florence Pan, "[the firm] notes, however, that it is willing to absorb $6,564.84 of these costs in fulfillment of its pro bono mission . . . this appears to be a reasonable and generous resolution[,]" (*Law Offices of Charles A. Moran, PLLC v. Jennifer Brown and Joseph Brown*, 16 CA 5372, Ord at 8 (D.C. Super. Ct. Apr. 12, 2017)).

10. In 2017, the firm had five clients that were financially capable of paying a fee. Ordinarily, the firm does not charge fees to clients who would qualify for court appointed representation as indigent. Additionally, the firm does not require the family to pay attorneys' fees if the case involves domestic or sexual violence, and does not charge families that are not indigent if they can demonstrate that paying attorneys' fees will cause severe financial hardship for the family.

11. Of the five clients that were capable of paying fees, the firm did not charge three clients due to either of the exceptions stated above. The two remaining clients paid the firm at USAO Matrix rates for a matter pertaining to labor rights/employment law and IDEA/§504/Americans with Disabilities Act, respectively.

12. In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Digitally signed by Steve Nabors
DN: cn=Steve Nabors, o=Moran
and Associates, ou,
email=steve.nabors@camoranla
w.com, c=US
Date: 2018.01.05 14:20:31 -05'00'

Executed on January 5, 2018.

_____

Stevie Nabors, Esq.

Stevie Nabors [1016291]
Moran & Associates
1100 H St. NW, STE 260
Washington, D.C. 20002
(202) 629-2159 (Office)
(202) 478-0781 (Fax)

3