# District of Columbia
# Office of the State Superintendent of Education
### Office of Dispute Resolution
### 810 First Street, N.E., Suite 2001
### Washington, DC 20002

| | |
|---|---|
| D█████ M███ (STUDENT)<br>By and through ANISSA JONES (PARENT),<br><br>*Petitioner,*<br><br>v.<br><br><br>**DISTRICT OF COLUMBIA PUBLIC SCHOOLS,**<br><br>*Respondent.* | Case No. 2015-0152<br><br>Impartial Hearing Officer:<br><br>Charles M. Carron<br><br>Date Issued:<br><br>May 14, 2015<br><br><br>Representatives:<br><br>Elizabeth T. Jester, Esq.<br>for Petitioner<br><br>Tanya Joan Chor, Esq.<br>for Respondent |

## PREHEARING CONFERENCE SUMMARY AND ORDER

On May 13, 2015 a Prehearing Conference ("PHC") was held in the above matter. Participating in the conference were the above-referenced counsel for the parties and me.

The following matters were addressed:

Demographic Data

1. Respondent's counsel confirmed the Student's name, date of birth and school of attendance and provided the Student's identification numbers.



PLAINTIFF'S EXHIBIT 15

<u>Case No. 2015-0152   –   D▆▆▆M▆▆▆v. DCPS   –   PHC Summary and Order</u>

<u>Other Proceedings Between the Parties</u>

2. Counsel advised that there is another Due Process Complaint ("DPC") pending regarding the Student, concerning Petitioner's allegation that Respondent has failed to provide access to education records that Petitioner asserts are required to prosecute the instant case. The Due Process Hearing ("DPH") in the other case has been held, and the parties are awaiting the Hearing Officer Determination ("HOD"). If the HOD in the other case is unfavorable to Petitioner and Petitioner appeals that HOD in court, or if the HOD in the other case is not issued prior to the DPH in the instant case, Petitioner may seek to withdraw the DPC in the instant case without prejudice. If Respondent opposes withdrawal without prejudice, Petitioner must file a motion for withdrawal without prejudice.

3. Counsel advised that they are not aware of any HOD or settlement agreement regarding the Student within the last 18 months.

<u>Response to the DPC</u>

4. Respondent filed its Response to the DPC on May 4, 2015, which was the deadline.

<u>Resolution Process</u>

5. The parties held a Resolution Session Meeting ("RSM") on May 6, 2015. No agreement was reached. Petitioner wished to end the resolution period but Respondent declined. Accordingly, the resolution period will end May 24, 2015 and the 45-day

<u>Case No. 2015-0152    –    D███ M███ v. DCPS    –    PHC Summary and Order</u>

timeline for the HOD in this matter will start to run on May 25, 2015 and will conclude on July 8, 2015.

<u>Issues for the Due Process Hearing</u>

      6. The DPC raised the following issues for my determination at the DPH:

      (a) From the beginning of School Year ("SY") 2014-2015 until January 2015, did Respondent deny the Student a FAPE (i) because his March 2014 IEP was inappropriate to meet his academic, social, emotional and behavioral needs because it provided insufficient hours of specialized instruction and related services (specifically, speech therapy), and because the goals were inappropriate and insufficiently measurable; and (ii) because Stanton Elementary School could not implement the IEP?

      (b) Since December 2014, has Respondent denied the Student a FAPE by failing and refusing to evaluate him in all areas of suspected disability, specifically by failing to conduct an updated Functional Behavioral Assessment ("FBA"), speech/language evaluation, comprehensive psychological evaluation including testing for Attention Deficit Hyperactivity Disorder ("ADHD"), behavior and social-emotional issues?

      (c) Since December 2014 has Respondent violated IDEA by failing and refusing to fund independent educational evaluations ("IEE"s) at Petitioner's request?

      (d) Since January 2015, has Respondent denied the Student a FAPE by failing and refusing to convene an IEP Team meeting to review the results of an

3

Case No. 2015-0152 — D▓▓▓ M▓▓ v. DCPS — PHC Summary and Order

independent psychoeducational evaluation that Petitioner provided to Respondent?

(e) Did Respondent deny the Student a FAPE when developing the Student's January 2015 IEP because (i) Respondent failed to consider Petitioner's concerns regarding the Student's academic, developmental and functional needs, (ii) Respondent developed the final version of the IEP without providing Petitioner the opportunity to review and provide input, and/or (iii) the IEP fails to meet the Student's academic, social emotional and behavioral needs because it provided insufficient hours of specialized instruction and related services (specifically, speech therapy), and because the goals were inappropriate and insufficiently measurable; and (ii) because Stanton Elementary School could not implement the IEP?

(f) Since April 10, 2015, has Respondent denied the Student a FAPE by failing to provide him a one-on-one aide?

7. Respondent does not challenge my jurisdiction to decide these issues.

Respondent's Position on the Issues

8. Respondent's position on each of these issues is as follows:

(a) From the beginning of SY 2014-2015 until January 2015, Respondent has not denied the Student a FAPE because his March 2014 IEP was appropriate to meet his academic, social, emotional and behavioral needs.

4

<u>Case No. 2015-0152</u>   –   D▓▓▓ M▓▓▓ v. DCPS   –   <u>PHC Summary and Order</u>

(b) Since December 2014, Respondent has not failed or refused to evaluate the Student in all areas of suspected disability. The Student was appropriately evaluated including an informal FBA. Respondent sought Petitioner's consent for additional evaluations which now are in process. Speech-language was not an area of concern for the Student.

(c) Petitioner is not entitled to an IEE because she did not disagree with Respondent's evaluation.

(d) Since January 2015, Respondent has not denied the Student a FAPE by failing and refusing to convene an IEP Team meeting to review the results of an independent psychoeducational evaluation that Petitioner provided to Respondent; rather, Respondent obtained Petitioner's consent for additional evaluations and deemed it prudent to reconvene the IEP Team to review all evaluations at the same time.

(e) Petitioner had ample opportunity for input and actively engaged with DCPS personnel in developing the Student's IEP, which remains appropriate.

(f) The Student does not require a one-on-one aide.

<u>Relief Requested</u>

9. Petitioner requested the following relief that Respondent agrees I have authority to award:

(a) an Order that, within five days of the HOD, Respondent place the Student at The Foundation School, The Phillips School, High Road School, The

<u>Case No. 2015-0152</u>   –   D█████ M████ v. DCPS   –   <u>PHC Summary and Order</u>

Children's Guild, or another appropriate full time special education program;[1]

(b) an Order that, within five days of the Student's matriculation at the new school, Respondent convene the Student's IEP Team to develop an IEP that reflects the need for specialized instruction outside the general education setting throughout the school day, with a full time one-on-one aide and at least one hour per week of speech/language therapy;

(c) an Order that Respondent fund the following IEEs: a comprehensive psychological evaluation including academic, cognitive and social/emotional testing; a comprehensive ADHD evaluation; a comprehensive speech/language evaluation that includes evaluation of the Student's language processing; a comprehensive occupational therapy evaluation; a comprehensive assistive technology evaluation; and an FBA;

(d) an Order that, within five days after receipt of the reports of the IEEs, Respondent convene the Student's IEP Team at the school the Student is attending to review those reports as well as the report from the Student's June 2014 psychoeducational evaluation and review and revise the Student's IEP as appropriate;

(e) an Order of compensatory education in the form of tutoring[2]; and

(f) any other relief that is just and fair.

---

[1] Petitioner must notify Respondent and me, via email, within four business days of the Student's acceptance at any nonpublic school.

[2] If Petitioner decides to seek compensatory education other than tutoring, Petitioner must promptly notify Respondent and me via email.

<u>Case No. 2015-0152   –   D▆▆ M▆▆ v. DCPS   –   PHC Summary and Order</u>

     10. At the DPH, Petitioner must introduce evidence supporting the requested compensatory education, including evidence of specific educational deficits resulting from the Student's alleged loss of FAPE and the specific compensatory measures needed to best correct those deficits, *i.e.*, to elevate the Student to the approximate position the Student would have enjoyed had the Student not suffered the alleged denial of FAPE. **Evidence of hours of specialized instruction and/or related services that the Student did not receive that Petitioner asserts the Student should have received does *not* constitute an educational deficit.** Rather, Petitioner must show what the Student did not learn that the Student would have learned if the Student had received a FAPE. Respondent should be prepared to introduce evidence contravening Petitioner's requested compensatory education and/or proposing alternative compensatory education in the event I find a denial of FAPE.

     11. Because Petitioner has requested placement of the Student at a private school, at the DPH Petitioner must introduce evidence of all of the following: (a) the nature and severity of the Student's disability; (b) the Student's specialized educational needs; (c) the link between those needs and the services offered by the non-public school; (d) the cost of the placement; (e) the extent to which the placement represents the Least Restrictive Environment ("LRE") for the Student; and (f) the parties' conduct. Respondent should be prepared to present evidence controverting Petitioner's evidence on these factors.

Case No. 2015-0152   –   D▆▆▆M▆▆▆ v. DCPS   –   PHC Summary and Order

Witnesses

12. Petitioner presently plans to call the following witnesses to testify to the following matters at the DPH:

(a) Petitioner, to testify regarding all allegations in the DPC, meetings she attended, the Student's IEPs, and the Student's disciplinary history;

(b) a psychologist, to be identified in Petitioner's five-day disclosures, to testify as an expert regarding his or her evaluation of the Student, the Student's needs, and in support of Petitioner's compensatory education request; and

(c) a representative of a private school, to be identified in Petitioner's five-day disclosures, to testify regarding that school's program.

13. Respondent presently plans to call the following witnesses to testify to the following matters at the DPH:

(a) Deborah Lyons, Special Education Coordinator at ▆▆▆ Elementary School, to testify as an expert regarding special education programming, behavior intervention, communications and meetings, the Student's file, evaluations, and appropriate programming;

(b) Crystal Dorn, school psychologist, to testify as an expert regarding evaluation and interventions;

(c) Marie Cooper, speech-language pathologist, to testify as an expert regarding the Student's speech-language evaluation;

Case No. 2015-0152   –   D▆▆▆ M▆▆▆ v. DCPS   –   PHC Summary and Order

(d) Jessica Stefon, the Student's case manager and special education teacher, to testify regarding IEP appropriateness, the Student's performance, and meetings attended;

(e) Chantal Jones, the Student's general education teacher, to testify regarding IEP appropriateness, the Student's performance, and meetings attended; and

(f) an occupational therapist, to be identified in Respondent's five-day disclosures, to testify regarding the request for an occupational therapy evaluation and whether such an evaluation was needed.

14. Witnesses other than the parties will be sequestered.

15. Counsel do not presently anticipate any problem accessing or obtaining witnesses. Pursuant to the Order Restricting Filings from May 13 through 25, 2015 that I issued on April 27, 2015, the deadline for requesting Notices to Appear has passed.

Date and Schedule of DPH

16. The DPH will be held from 9:30 a.m. to 5:00 p.m. on Friday, June 5, 2015.

17. Each party will be limited to two hours for direct examination of all of that party's witnesses. Hearing time will be allocated as follows:

9:30 a.m. – 9:45 a.m.  Preliminary matters, opening statements

9:45 a.m. – 1:30 p.m.  Petitioner's case, allowing a total of an hour for breaks. Petitioner

Case No. 2015-0152   –   D▇▇ M▇▇ v. DCPS   –   PHC Summary and Order

                          will be limited to 2 hours of direct examination (combined for all witnesses) to allow 45 minutes (combined, for all witnesses) for cross and re-direct examination.

1:30 p.m. – 4:30 p.m. Respondent's case, allowing a 15 minute break. Respondent will be limited to 2 hours of direct examination (combined for all witnesses) to allow 45 minutes (combined for all witnesses) for cross and re-direct examination.

4:30 p.m.- 5: 00 p.m. Rebuttal witnesses (if any) and oral closing arguments.

      18. Petitioner's counsel requested an additional half-day for testimony. However, the parties and I did not have another available hearing day prior to June 15, 2015, which is the date that Petitioner's counsel will be leaving on an extended international trip. Accordingly, if despite good faith efforts the parties are unable to complete the presentation of their cases on June 5, 2015, Petitioner will need to file a motion for an extended continuance.

Five-Day Disclosures

      19. The deadline for the parties to exchange their five-day disclosures, *i.e.*, the lists of their potential witnesses, copies of potential exhibits, and copies of available evaluations and written recommendations intended to be used, is 11:59 p.m. on Friday, May 29, 2015. By counsel having agreed to this deadline, the parties have waived any argument that they will not have a full five business days to review each other's disclosures in advance of the DPH. Counsel shall concurrently email their five-day disclosures to me and also bring me a hard copy on the day of the hearing with the

Case No. 2015-0152   –   D▓▓▓▓M▓▓▓ v. DCPS   –   PHC Summary and Order

exhibits divided by tabs. Counsel must adhere to the specific requirements for disclosures set forth in Practice 7-B-2 through 4 of the ASPs.

20. The parties have not yet made any stipulations or admissions of fact. I advised counsel that their five-day disclosures must include any such stipulations or admissions or a statement that counsel made a good faith effort to make such stipulations and admissions.

21. With regard to the disclosure of proposed exhibits, Petitioner's exhibits must be numbered P-1, P-2, *et seq.* Respondent's exhibits must be numbered R-1, R-2, *et seq.* Joint Exhibits must be numbered J-1, J-2, *et seq.* The pages of each exhibit must be numbered, *e.g.*, the first page of Petitioner's Exhibit 1 must be numbered P-1-1; the second page of Petitioner's Exhibit 1 must be numbered P-1-2; the first page of Respondent's Exhibit 1 must be numbered R-1-1; the second page of Respondent's Exhibit 1 must be numbered R-1-2; etc. Numbering may be handwritten, preferably in the lower right corner of each page. Divider pages that do not contain content must not have a page number. Counsel must disclose all proposed exhibits. Any statement that a party reserves the right to introduce exhibits identified in the other party's disclosure will be disregarded. Counsel must disclose as proposed exhibits any pleadings, filings, and emails or other correspondence between or among the parties, counsel and me that the parties intend to rely upon at the DPH. **Failure to disclose any evidence by the above deadline shall result in exclusion of the evidence at the DPH unless the opposing party agrees to its introduction. Failure to comply with the remaining provisions of this paragraph with regard to any proposed exhibit, including the provisions regarding numbering of exhibits and pages of exhibits, will result in exclusion of the**

<u>Case No. 2015-0152   –   D███ M███ v. DCPS   –   PHC Summary and Order</u>

**proposed exhibit from the DPH unless, in my complete discretion, I give counsel an opportunity to cure the failure to comply.**

22. Disclosures of witnesses must (a) state the name, job title, address and phone number of each witness, provided that if a witness is an employee of a party or of counsel, the disclosure may so state in lieu of providing an address and/or phone number; (b) describe the general thrust of the testimony of each witness (not a statement that the witness will testify to all issues in the case or similarly vague wording); (c) identify which witnesses will testify in the party's case in chief and those that will be called, if at all, in rebuttal; and (d) identify witnesses who **will or may** testify by telephone and the number at which they can be reached for their testimony. If any witness is testifying by telephone, the party calling that witness must ensure that the witness is in a setting that protects confidentiality, and must provide the witness with copies of all disclosures and any other documents related to their testimony in advance. The witness must have access to those disclosures and documents at the time of testifying. If any witness will be testifying as an expert, counsel must include the expert's *curriculum vitae* in the disclosure. Educational advocates must be qualified as experts in order for their opinion testimony to be admissible. Counsel must list all witnesses. Any statement that a party reserves the right to call witnesses listed on the other party's disclosure will be disregarded. **Failure to comply with the provisions of this paragraph with regard to any witness will result in exclusion of that witness from testifying at the DPH unless, in my complete discretion, I give counsel an opportunity to cure the failure to comply.**

Case No. 2015-0152   –   D█████ M███ v. DCPS   –   PHC Summary and Order

Objections to Proposed Exhibits

23. If either party has an objection to the admissibility of any of the other party's proposed exhibits, the party must email its objections to the other party and me by 6:00 p.m. on the second business day after service of the proposed exhibits, stating the objection succinctly.

24. In the event a party serves such objections, the party proposing the exhibits may, if desired, email a reply to the objecting party and me by 6:00 p.m. on the business day following service of the objections. If a party does not serve objections by the above deadline, the other party's proposed exhibits will be considered admitted by consent of the parties, unless the party proposing an exhibit decides not to have it admitted into evidence. Arguments as to the weight to be accorded to an exhibit may be made at the DPH.

Procedural Matters

25. Counsel were asked if they had any objections to the presumptions regarding the various procedural matters set forth in the "Note" near the close of the Prehearing Conference -- Subjects to be Considered form, which was enclosed with the Prehearing Notice. Counsel agreed:

(a) There are no objections to my being the appointed Hearing Officer.

(b) The Parent opts for the hearing to be closed.

(c) The Parent will participate in the due process hearing.

(d) The Student may be present at the due process hearing.

(e) Neither party requests interpreter services or other accommodations.

Case No. 2015-0152   –   D▮▮▮ M▮▮▮ v. DCPS   –   PHC Summary and Order

    (f) The Petitioner shall proceed first at the hearing.

    (g) The Petitioner shall carry the burden of proof.

    (h) The parties shall be prepared to present oral closing arguments.

    (i) The Parent elects to be provided a written decision.

    (j) The parties consent to a copy of the decision being transmitted electronically or by facsimile.

Resolution of Disputes

26. Should any dispute arise prior to the DPH, counsel must first confer with opposing counsel. If counsel cannot resolve the dispute, the party raising the dispute must immediately file and serve by email or facsimile an appropriate written motion that includes a statement of the effort(s) made to resolve the dispute. If a motion is filed and does not include such a statement, the motion will be denied summarily.

Motions

27. A party filing a motion, or responding to or opposing a motion, must follow the procedures for motions set forth in Section 401(C) of the SOPs. Failure to comply with the SOPs, including failure to support a motion or opposition with affidavits or declarations of persons other than counsel or supporting documentation, when required by the SOPs, will result in summary denial or granting of the motion, as applicable.

28. A motion to dismiss that relies upon assertions of counsel or evidence outside of the DPC will be summarily denied and will not be converted to a motion for summary judgment or summary adjudication.

Case No. 2015-0152   –   D███ M███ v. DCPS   –   PHC Summary and Order

29. A motion that is combined with any other filing will be summarily denied.

30. Any motions must be filed between May 26 and 29, 2015.

31. If a motion is filed, the non-moving party will have until 6:00 p.m. on the third business day following service of the motion to file an opposition. The moving party may file a reply by 6:00 p.m. on the business day following service of the opposition. I will advise counsel whether oral argument is required.

Binding Effect of this Order

32. The parties and their counsel will be held to the matters agreed upon, ordered, or otherwise set forth in this Order, **which will be enforced strictly.** A party seeking relief from a provision of this Order must file a motion supported by (a) declarations or affidavits of persons other than counsel explaining why compliance with the Order would be prejudicial to the party, and (b) an affidavit or declaration by counsel explaining any non-compliance by counsel. **Counsel's heavy workload, or inclement weather or a personal or family illness or emergency occurring on the day of a deadline will not justify non-compliance with any provision of this Order** because counsel should plan ahead for such contingencies, *e.g.*, by having their disclosures ready in advance of the deadline and available to be served remotely via email or facsimile.

33. If counsel believe I have overlooked or misstated any item, counsel must bring the alleged omission or misstatement to my attention via email, with a copy to opposing counsel, no later than 6:00 p.m. on May 18, 2015, providing proposed alternative wording. The other party must, within two business days, email me, with a copy to opposing counsel, stating that party's agreement or disagreement with the

<u>Case No. 2015-0152   –   D███ M███ v. DCPS   –   PHC Summary and Order</u>

proposed alternative wording. I will address your concerns promptly. **This is an opportunity to correct my summary of the PHC, not to raise new issues or request different pre-hearing rulings.**

IT IS SO ORDERED.

Dated this 14th day of May, 2015.

*[signature]*

Charles M. Carron
Impartial Hearing Officer

Copies to: Petitioner's Counsel Elizabeth T. Jester, Esq.
Respondent's Counsel Tanya Joan Chor, Esq.
Office of Dispute Resolution
Chief Hearing Officer Virginia Dietrich, Esq.
OSSE Division of Specialized Education